UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CR 130 CDP |
| | ) | |
| KARRIE L. GULER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The defendant has filed her Motion to Dismiss Indictment (Document #23) alleging the following grounds:

    1. That the Indictment against her is brought in violation of her rights under the Fifth Amendment of the Constitution of the United States to not be twice punished for the same offense;

    2. That the Indictment against her is duplicitous in that it charges more than one offense against her in violation of her rights under the Fifth Amendment of the Constitution of the United States, to not be twice placed in jeopardy and to receive fair notice of the charges against her.

    3. That the Indictment fails to state an offense against the United States.

### Factual Background

Both parties have relied upon and accept as an accurate account of what occurred the report of Ranger Teresa McKinney. Rather than setting out the report verbatim, the court has attached the Report of Incident to this Report and Recommendation as Exhibit 1. The defendant has summarized the report in the following terms:

Briefly stated, while investigating a report of a man and a woman fighting at a camp site, the Ranger and her partner were in the process of confronting the man when Ms. Guler emerged from a tent. Ms. Guler is described as vulgarly refusing to comply with the directions of the Park Ranger, verbally abusing her, and resisting being placed in the Ranger's vehicle. She is further described as having kicked the Ranger in the chest, while Ms. Guler was handcuffed and lying on the back seat of the Ranger's vehicle.

The federal Double Jeopardy Clause refers to three situations:

1. A second prosecution for the same offense after acquittal;

2. A second prosecution for the same offense after conviction; and

3. Multiple punishments for the same offense.

North Carolina v. Pearce, 395 U.S. 711, 717-18 (1969).

The defendant's claims relate to the second and third situations listed in the Pearce case, a second prosecution for the same offense and multiple punishments for the same offense.

### Ground One: Twice Punished for the Same Offense?

The first ground included in defendant's motion, being twice punished for the same offense, fails in the court's opinion because the listed offenses to which the defendant has pled guilty are not the same offense as charged in the indictment. Attached to her memorandum are copies of the actual violation notices served on the defendant to which she pled guilty and for which she paid fines: being under the influence of alcohol in violation of Chapter 36 Code of Federal Regulations (C.F.R.) 2.35(c); disorderly conduct–use of language in violation of 36 C.F.R. 2.34(a)(2); disorderly conduct--fighting in violation of 36

C.F.R. 2.34(a)(1); violating the lawful order of a federal agent in violation of 36 C.F.R. 2.32(a)(2).

All of the charges to which the defendant pled guilty are violations of regulations in force in the Ozark Scenic Riverways under the supervision of the Federal Park Service. The authority of the National Park Service for issuing the regulations derives from Title 16 United States Code, 1, 3, 9a, 462(k).

Although the punishment for any of the above violations could be as much as a fine of $5,000.00 or a jail sentence of six months, in actual fact, the forfeiture amounts for the four offenses listed in the violation notices ranged from $100.00 to $200.00 without jail time. On the other hand, the indictment reads:

THE GRAND JURY CHARGES THAT:

On or about the 13th day of July, 2007, in Shannon County, within the Eastern District of Missouri, the defendant,

**KARRIE L. GULER,**

knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with Teresa McKinney, a Ranger with the National Park Service, while she was engaged in her official duties, in violation of Title 18, United States Code, Section 111.

A TRUE BILL.

As stated in the wording of the indictment, the crime charged in the indictment arises under Title 18 U.S.C. § 111. That section calls for a punishment of imprisonment not more than eight years and/or a fine of not more than $250,000.00. The crime of assaulting a

federal officer is much different from and much more serious than the violations charged in the citations issued at the Ozark Scenic Riverways as the potential punishments indicate.

Double jeopardy bars subsequent prosecutions for a single act. Blockburger v. United States, 284 U.S. 299, 304 (1932). It is the government's position that the incident at the Current River on the Ozark Scenic Riverways involved more than one transaction, the petty offenses which occurred principally among campers and the assault of a federal officer which allegedly occurred when the defendant kicked Ranger Teresa McKinney in the chest.

If one were to consider the total incident as one transaction, if the same transaction violates two distinct statutory provisions, the test to determine whether there are multiple offenses is whether each provision requires proof of an additional fact that the other does not. Blockburger, 284 U.S. at 304; United States v. Beltz, 385 F.3d 1158, 1162 (8th Cir. 2004)(no double jeopardy bar to prosecution for possessing pseudoephedrine with reasonable cause to believe chemical would be used to manufacture methamphetamine and attempting to manufacture methamphetamine because charges require different elements of proof). The Blockburger test can be satisfied even if there is a substantial overlap in the evidentiary showings for the two offenses. The Supreme Court has stated that "A mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 503 U.S. 378, 386 (1992). What is being charged in the indictment is the defendant's allegedly kicking Ranger McKinney in the chest. This conduct is entirely different from being under the influence of alcohol, use of language in a disorderly way, disorderly conduct

by fighting [between campers] and violating a lawful order of a federal officer

None of the petty offenses listed above involves kicking a ranger in the chest. The assault on Ranger McKinney does not require any of the conduct charged in the citations issued at the scene. None of the petty offenses is a lesser-included offense of the assault. Under the Blockburger test, the assault is a different offense from the petty offenses.

Even if one considers the whole incident to be one transaction, if there is a violation of two distinct statutory provisions, multiple charges and punishments in a single prosecution do not violate double jeopardy if "clearly expressed legislative intent" supports the imposition of cumulative punishments. Missouri v. Hunter, 459 U.S. 359, 368-69. It is clear that the punishments for the petty offenses and the assault under Title 18 § 111 are entirely different and express a different legislative intent.

It is significant that the victims are different. The petty offenses have as their victims their fellow campers, the public in general and all are violations against the regulations of the United States Forest Service. Obviously, the assault on Ranger McKinney involved the ranger as victim. One of Congress's purposes in passing 18 U.S.C. § 111 was to accord federal officers maximum protection. United States v. Yates, 304 F.3d 818, 823 (8th Cir. 2002).

Finally, the petty offenses and the assault on Ranger McKinney were separated in time. The melee which led to the calls by nearby campers for assistance from rangers was over and it was in the course of the defendant's being arrested and transported that the assault

on the ranger occurred.

The court finds that the petty offenses to which the defendant pled guilty and for which she paid fines are distinct and different offenses from the assault committed against Ranger McKinney.

### Ground Two: Multiple Punishments [or Trials] for the Same Offense

In the alternative, the defendant asks that the government be prohibited from attempting to convict her in a trial of the petty offenses to which she has already pled guilty under the guise of using the language in the indictment that she opposed, impeded and interfered with Teresa McKinney while the ranger was engaged in her official duties. At the evidentiary hearing, the government stated it is only interested in prosecuting the assault on Ranger McKinney which occurred when she was kicked in the chest rather than any of the other actions to which the defendant has already pled and paid her fines. Thus, the second ground for dismissal stated in the defendant's Motion to Dismiss that the indictment charges more than one offense against her, placing her twice in jeopardy is not a valid ground for dismissal. If the government sought to re-prosecute the defendant for the violations to which she had previously pled, then the defendant's complaint would be valid.

### Ground Three: Failure to State an Offense

Finally, the defendant charges that the indictment fails to state an offense against the United States. The wording of the indictment has been set out earlier in this report. Any crime in violation of a federal law is a crime against the United States. Further, the

indictment satisfies the requirements of Rule 7(c)(1) Fed.R.Crim.P. that it "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged...."

**IT IS, THEREFORE, RECOMMENDED** that the defendant's Motion to Dismiss Indictment (Document #23) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

                                                  LEWIS M. BLANTON
                                                  United States Magistrate Judge

Dated: November 26, 2007