UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CV130 HEA |
| | ) | |
| KARRIE L. GULER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, [Doc. No. 28], of United States Magistrate Judge Lewis M. Blanton, pursuant to 28 U.S.C. § 636(b), in which Judge Blanton recommends that Defendant's Motion to Dismiss Indictment, [Doc. No. 23], be denied. Defendant has filed Objections to the Report and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to the audio recordings of the hearing held on October 26, 2007.

Defendant does not dispute the findings of fact. Indeed, the parties have stipulated to the report of Ranger Teresa McKinney as an accurate account of what occurred. Defendant's objection goes to Judge Blanton's conclusion that the prosecution of Defendant for a violation of 18 U.S.C. § 111 does not run afoul of the Double Jeopardy Clause of the Fifth Amendment. Judge Blanton reasoned that there is no Double Jeopardy violation because the Government assured the Court and Defendant that it was interested in only prosecuting the assault on Ranger McKinney; the Government has no intention of prosecuting Defendant for acts which took place prior to the actual assault on Ranger McKinney.

The Double Jeopardy Clause protects a defendant from "multiple punishments for the same criminal offense." *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir.1995); accord *United States v. Roy*, 408 F.3d 484, 491 (8th Cir.2005). As expressed in the leading case of *Blockburger v. United States*, 284 U.S. 299 (1932), "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304.

Defendant argues that, even with the Government's representation, the Indictment should be dismissed because the one paragraph statute, 18 U.S.C. § 111(a)(1), encompasses actions for which she had been previously punished.

Specifically, Defendant pled guilty to, and paid fines on, the following petty offenses: being under the influence of alcohol in violation of Chapter 36 Code of Federal Regulations (C.F.R.) 2.35(c); disorderly conduct-use of language in violation of 36 C.F.R.2.34(a)(2); disorderly conduct-fighting in violation of 36 C.F.R. 2.34(a)(1); violating the lawful order of a federal agent in violation of 36 C.F.R. 2.32(a)(2).

18 U.S.C. § 111(a)(1) provides:

> (a) In general.--Whoever–
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties[.]

Defendant contends that because the one paragraph statute includes "resists, opposes, impedes, intimidates, or interferes with," the previous actions cannot be separated out thereby allowing the prosecution for the same offenses for which Defendant has already been punished. Defendant's concerns, however, are without merit. Because the statute is written in the disjunctive, a violation can occur for any single listed action, *i.e.*, one can violate Section 111(a)(1) through an assault *or* through any of the listed components. Because the Government has represented that it will not even attempt to prosecute Defendant for her actions preceding the assault, there is no risk of multiple punishments for the same offense. There exist separate and distinct offenses: those to which Defendant has previously pled <u>and</u> the alleged

assault on Ranger McKinney.  Defendant's objection to Judge Blanton's Recommendation is therefore overruled.

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Defendant objects.  The Court has reviewed the pleadings, motions, and memoranda presented.  The Court has further listened to the arguments of counsel presented to Judge Blanton on October 26, 2007.  The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues.  Defendant's objections to the Report and Recommendation are denied.  The Court will adopt the Recommendation of Judge Blanton that the Motion to Dismiss Indictment be denied.

Accordingly,

**IT IS HEREBY ORDERED,** that Defendant's Motion to Dismiss Indictment, [Doc. No. 23], is denied.

Dated this 21st  day of December, 2007.

_____
     HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE